1 Andrew Moore
2 7107 Broadway #277
  Lemon Grove, CA 91945
3

FILED
07 OCT 31 PM 4: 19
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| The People of the State of California<br><br>    Plaintiff,<br><br>    vs.<br><br>Andrew Moore<br><br>    Defendant | Case No.: 07 CV 2059 JM<br><br>**Memorandum of Points and Authorities in Support of Motion for Summary Judgment or in the alternative motion for Adjudication in favor of Andrew Moore.** |

**MEMORANDUM POINTS AND AUTHORITIES**

With Motion for Summary Judgment or summary adjudication, the burden is always on the moving party to show there is no trial able issue of material fact. When the moving party is the third party Plaintiff, John and Jane Does 1-10, the burden is to display that there is no perpetration of fraud of legislature by showing the title, and the bonded statutes by legislature/ enacting clause and a verified complaint rather than a sham information / complaint / request for discovery, etc. (231 CA. 3d 338, citing Hayward Union High School District v. Madrid (1965). 234 C.a. 2d 396, Following United Community Church.

Under Constitution article 1, section 13, entitling defendant to demand "nature and cause of accusation" against him and to have copy thereof. Defendant is entitled to have gist of offense charged, in direct and unmistakable terms, Large v. State, 164 NE. 263, 264. 200 Ind. 430.

The words "nature and cause of the accusation" in Const. Bill of Rights, art. 1 section 13, providing that an accused shall have the right to demand the nature and cause of the accusation against him, mean that the gist of an offense shall be charged in direct and unmistakable terms, Hinshaw v. State, 122, NE. 418, 420. 188 Ind. 147. We are constrained to hold that the petitioner has been denied safeguards guaranteed by Due Process of Law- safeguard essential to liberty in a government dedicated to justice under law, Cole v. Arkansas, 333 U.S. 196, 201 (1948).

Information: 71 The Party is entitled to have offense charged in direct and unmistakable terms: "nature and cause of accusation" (Const. Art. 1 section 13).

Under Const. art. 1, section 13, entitling defendant to demand "nature and cause of accusation" against him and to have

Affidavit in support of motion for Summary Judgment by Rodney Belle- 2

copy thereof, defendant is entitled to have gist of offense charged in direct and unmistakable terms.

It is the Constitutional Right of the Petitioner to demand the nature and cause of accusation against him and to have a copy thereof, Art. 1, section 13, Constitution of Indiana, McLaughlin v. State, 45 IND. 388.

In Hinshaw v. State, 188 IND. 147, 122 NE. 418, it is said, the words "nature and cause of accusation" have a well-defined meaning and at the time of the adoption of the Constitution that meaning is that the gist of an offense shall be charged in direct and unmistakable terms.  In passing upon the same provision of the Federal Constitution in United States v. Cruikshank (1875) 92 U.S. 542, 557. (23 L Ed. 588) the court said:

In civil cases, under the law of the United States, the Petitioner has the human /constitutional right to be informed of the nature and cause of the accusation.  Amendment VI in United States v. Mill 7 pet. 142. [8 L. Ed. 636] This was construed to mean that the  must set forth the with clearness and necessary certainty, to apprise the Petitioner of the with which he stands charged.  Also, in United States v. Cook, 17 Wall 174. [21 L.

Affidavit in support of motion for Summary Judgment by Rodney Belle- 3

Ed. 538] That every ingredient of which the offense is composed must be accurately and clearly alleged; it is an elementary principle of pleading that, where the definition of an offense, whether it be at common law or by statute, includes generic terms, it is not sufficient that the information shall charge the offense in the same generic term as in the definition, but it must state the species: it must descend to the particulars.

  -9501.5, the enacting clause of every law shall be:

  -25120, The enacting clause of all ordinances of the board of supervisors shall be as follows: the Board of supervisor of the county of San Diego...

  -25121, every ordinance shall be signed by the chairman of the board and attested by the clerk.

Constitution of California 1879

Section 1 "the enacting clause of every law shall be as follows: The People of the State of California represented in Senate and Assembly do enact as follows:

    The Supreme Court of Arkansas, on several occasions, ruled on the necessity of an enacting clause: As long ago as 1871 in Vinsant v. Knox, 27 Ark 266. it was held in the Constitutional provision that the style of all bills should be: "Be it enacted by the General Assembly of the State of Arkansas," and was mandatory and a bill without this style was void, although

otherwise regularly posed and approved. (Ferrill v. Keel, 151, S.W. 269, 273, 205 Ark 380 (1912).

The enacting clause is a short, formal statement appearing after the title, indicating that all which follows is to become law and gives the authority by which the law is made. There is no excuse for not using it (Harvey Walker, the Legislative Process, N.Y. Ronald Press Co. (1948) p. 346.

The Supreme Court of Idaho, in construing the purpose for its Constitutional provision requiring a one subject title on all laws stated: The object of the title is to give a general statement of the subject- matter, and such a general statement will be sufficient to include all provisions of the act having a reasonable connection with the subject matter mentioned.

The object or purpose of the clause in the Constitution of California is to prevent the perpetration of fraud upon the members of Legislature or the citizens of the State in the enactment of laws (ex parte Crane, 151. Pac. 1006, 1010, 1011, 27 Idaho 671 (1915).

The use of such a publication to indict or charge a citizen with violating such law is fraudulent and obnoxious to the Constitution. It is to prevent surreptitious, inconsiderate misapprehended legislation from carelessly, inadvertently, or unintentionally enacting through stealth and fraud, and similar abuses that the subject or object of a law is required to be

stated in the title (73 AM Jur. 2d statutes, sec 100, p. 325 case cited.

A certificate of probable cause is a document issued by the administrative court, which certify that at least one contention challenging the plea is not totally frivolous. (Penal Code 1237.5) People v. Ribero (1971) (4 Cal. 3d 55)

Executed on this 31 day of October, 2007

Henceforth Submitted,

*[signature]*

Andrew Moore / Foreign State National UCC
1-207.7 "without prejudice"